UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


KORIS JENNINGS,

                    Plaintiff,

vs.                                    Case No.  2:11-cv-713-FtM-29SPC

STATE   OF   FLORIDA,   FLORIDA
DEPARTMENT OF CORRECTIONS,

                    Defendant.
_____


### ORDER OF DISMISSAL

     This matter comes before the Court upon initial review of the
Complaint.   Plaintiff, Koris Jennings, who is represented by
counsel, brings this action pursuant to 42 U.S.C. §§ 1983 and 1988.
Complaint, ¶6.  Plaintiff alleges Fourth and Fourteenth Amendment
violations, as well as pendent State negligence claims, due to his
imprisonment within the Florida Department of Corrections stemming
from an alleged violation of his probation, "from which Plaintiff
was later exonerated."  Id., ¶29.[1]  Plaintiff seeks compensatory
and punitive damages, as well as attorney fees.  Id. at 5-6.
Plaintiff seeks to proceed in this action *in forma pauperis*.  See

---

     [1]The Complaint refers to "attached" exhibits.  See generally
Complaint.  No exhibits are attached to the version of the
Complaint filed with the Court.  Id.

Application of Proceed in District Court Without Prepaying Fees or Costs (Doc. #2).

Because Plaintiff is seeking to proceed *in forma pauperis*, the Court is required to review this case and dismiss it if the court finds that "the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)(ii). In essence, § 1915 is a screening process to be applied *sua sponte* and at any time during the proceedings. Although, *pro se* complaints are to be liberally construed and are held to a less stringent standard than pleadings drafted by attorneys, Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citations omitted), complaints drafted by attorneys are not accorded the same deferential treatment.

The standards that apply to a dismissal under Fed. R. Civ. P. 12(b)(6) apply to a dismissal under § 1915. Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001). Under Rule 12(b)(6), the court views all allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1951 (2009)(discussing a 12(b)(6) dismissal); Marsh v. Butler County, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. ____, 129 S. Ct. at 1949. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 129 S. Ct. at 1949 (citations omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. at 1937. Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). Additionally, the court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the claim. Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001).

As this is a § 1983 action, the initial inquiry must focus on the presence of two essential elements:

> (1) whether the person engaged in the conduct
> complained of was acting under color of state

law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States.

Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001).

Here, Plaintiff seeks only monetary damages against Defendants, the State of Florida and the Florida Department of Corrections. "A state, state agency, and a state official sued in his official capacity are not 'persons' within the meaning of § 1983." Edwards v. Wallace Community College, 49 F.3d 1517, 1524 (11th Cir. 1995)(citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71(1989)(recognizing that the Eleventh Amendment precludes suits in federal court against the State, arms of the State, and even State officials sued in their official capacities)). Consequently, Plaintiff cannot prevail in his claim against either Defendant, the State of Florida or the Florida Department of Corrections. Because the court is dismissing Plaintiff's federal claims, it chooses not to exercise supplemental jurisdiction over Plaintiff's related state law claims. See 28 U.S.C. § 1367(a) and (c).

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Complaint is **dismissed without prejudice**.

2.    The **Clerk of Court** shall enter judgment accordingly, terminate any motions and deadlines, and close this file.

**DONE AND ORDERED** at Fort Myers, Florida, on this ___4th___ day of January, 2012.

JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record